UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

v.                                            Criminal Case No. 4:02-50001
                                            Honorable Linda V. Parker

DONALD DOVER,

              Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO MODIFY AND REDUCE MONTHLY PAYMENTS OF UNPAID FINES AND RESTITUTION

This is a long-closed criminal matter which was transferred to this District to oversee Defendant's probation and/or supervised release. It is presently before this Court on Defendant's motion to reduce the amount garnished from his monthly retirement disability income to pay the restitution ordered in the criminal matter. Defendant cites 18 U.S.C. § 3664(k) as authority for his request. While the Court concludes that it lacks the authority to modify the garnishment pursuant to § 3664, it finds such authority in a section of the Fair Debt Collection Procedures Act, 28 U.S.C. § 3013. The Court further finds that a reduction of the percentage garnished from Defendant's disability payments is warranted by changes in his financial circumstances. Therefore, the Court is granting Defendant's motion.

**Background**

On December 19, 1996, Defendant and twelve other individuals were indicted in the Western District of Michigan for bank fraud in violation of 18 U.S.C. § 1344. Indictment, *United States v. Dover*, No. 1:96-CR-10 (W.D. Mich. filed Dec. 19, 1996), ECF No. 1. Defendant subsequently pleaded guilty to one count of bank fraud pursuant to a plea agreement. Plea Agreement, *id*. (W.D. Mich. filed May 2, 1997), ECF No. 140. On September 22, 1997, Defendant was sentenced to seventy-eight months incarceration, followed by five years of supervised release. *See Dover v. United States*, No. 1:96-CR-10, 2013 U.S. Dist. LEXIS 48742, at *2 (W.D. Mich. Apr. 13, 2013). The district court additionally imposed a fine of $10,000.00 and restitution of $481,942.99. *Id*. The length of Defendant's incarceration subsequently was reduced to sixty months on remand from the Sixth Circuit Court of Appeals. *Id*.

On March 18, 1998, the United States applied for a writ of garnishment for Defendant's interest in a long term disability policy in order to enforce the collection of the restitution judgment. Application, *United States v. Dover*, No. 1:96-CR-0 (W.D. Mich. filed Mar. 18, 1998), ECF No. 245. Defendant did not file an objection to the writ of garnishment or request a hearing, and the district court entered a Garnishee Order on March 16, 1999, directing Metropolitan Life Insurance Company ("MetLife") to garnish $1,143.11 per month from the amount

MetLife owed Defendant pursuant to his long term disability policy. Garnishee Order, *id*. (W.D. Mich. filed Mar. 16, 1999), ECF No. 263. According to MetLife's May 12, 1998 answer to the writ of garnishment, this amount constituted the full amount of the monthly payments owed to Defendant under the policy. *Id*.

In its answer to the writ of garnishment, MetLife had inquired whether twenty-five percent (25%) or the full amount of the monthly long term disability payments should be withheld. *See United States v. Dover*, No. 4:08-cr-20419 (E.D. Mich. filed Sept. 16, 2014), ECF No. 247-3 at Pg ID 1279. While the district court's March 16, 1999 order appears to order MetLife to garnish the full amount, the United States indicates in response to Defendant's motion that, in fact, only twenty-five percent (25%) has been withheld over the years. (ECF No. 5 at Pg ID 12-13.) According to the government, the payment history discloses the district court's receipt of the following monthly payments from MetLife in accordance with the garnishment order: $285.78 from October 24, 2006 until November 2012; $609.20 from December 2012 until December 2013; $581.66 from January 2014 to September 2014; and $609.20 from October 2014 until at least February 2015.[1]

---

[1] MetLife administratively determined that Defendant was no longer eligible to receive disability benefits as of May 1, 1998; however, Defendant successfully pursued an administrative appeal and the payments were reinstated in June 2006. (ECF No. 5 at Pg ID 12.) The Clerk of the Court for the Western District of Michigan received a payment of $27,683.65 on June 5, 2006. (*Id*.)

During this time period, Defendant completed his sentence of incarceration and supervised release in this case. Approximately $374,261.64 (without the accrual of interest) remains owing on the original restitution order.[2] On December 27, 2001, jurisdiction over this matter was transferred to this District.

In the meantime, on August 6, 2008, Defendant and seven other individuals were indicted for a bank fraud conspiracy in the Eastern District of Michigan. Indictment, *United States v. Dover*, No. 4:08-cr-20419 (E.D. Mich. filed Aug. 6, 2008), ECF No. 1. On December 4, 2009, Defendant pleaded guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 pursuant to a plea agreement. Plea Agreement, *id*. (E.D. Mich. filed Dec. 8, 2009), ECF No. 145. The Honorable Sean F. Cox sentenced Defendant on July 30, 2010 to imprisonment for a term of 115 months and restitution of $6,375,573.37. Am. Judgment, *id*. (E.D. Mich., filed Nov. 2, 2011), ECF No. 218. Defendant currently is in the custody of the Bureau of Prisons serving this sentence.

On May 17, 2012, Defendant filed a motion in the Western District of Michigan, asking the court to modify his monthly payment of unpaid fines and restitution pursuant to 18 U.S.C. § 3573. Pro Se Motion, *United States v. Dover*, No. 1:96-cr-210 (W.D. Mich. filed May 17, 2012), ECF No. 302. Defendant cited

---

[2] In its response brief, the United States provides that as of February 11, 2015, $381,572.04 (without the accrual of interest) remained due. (ECF No. 5 at Pg ID 13.) The Court has adjusted that amount to reflect continued monthly payments of $609.20 through today.

the economic needs of his wife and two children as factors justifying the requested modification. *Id.* The district court denied Defendant's motion on July 24, 2012, reasoning that "§ 3573 provides Defendant no claim for relief." Order, *id*. (W.D. Mich. filed July 24, 2012), ECF No. 306. The court considered whether relief was alternatively available under 18 U.S.C. § 3572 (which Defendant also referenced in his motion), but concluded that it was not as Defendant's fines were ordered to be paid immediately in a lump sum and the statute does not apply in that instance. *Id*.

On May 23, 2014, Defendant filed a motion in the Eastern District of Michigan, seeking the same relief but pursuant to 18 U.S.C. § 3664(k). The Clerk's Office mistakenly filed the motion in the criminal case originating in the Eastern District of Michigan, Criminal Case Number 4:08-cr-20419. Motion, *United States v. Dover*, No. 4:02-cr-50001 (E.D. Mich. filed May 23, 2004), ECF No. 241. After requesting and receiving extensions of time to respond to the motion, the United States filed a response brief on September 16, 2014, arguing that § 3664(k) is inapplicable because Defendant's restitution and fine payments are not being made pursuant to a payment schedule ordered by the court but rather a writ of continuing garnishment entered in the Western District of Michigan. Response, *id*. (E.D. Mich. filed Sept. 16, 2014), ECF No. 247. The government contended that any challenge to the appropriateness of the writ should be addressed

5

to the court that executed the order and argued that this court lacks jurisdiction to modify or enforce a writ from another district. *Id.*

On July, 2 2014, while Defendant's motion was pending, the case in which it was filed was reassigned from the Honorable Mark A. Goldsmith to the undersigned.[3] Upon review of the motion and the government's response, the Court realized that the motion had been filed in the wrong case and directed the Clerk's Office to re-file the motion in the above-captioned matter. The motion was filed in the correct case on January 16, 2015, and the matter was reassigned from the late Honorable Paul V. Gadola to the undersigned on January 27, 2015. At the Court's request, the government filed another response to the motion on February 11, 2015. (ECF No.5.)

In its response brief, the government first argues that the statute cited by Defendant in support of his request, 18 U.S.C. § 3664(k), is not applicable because the payments at issue are made pursuant to a writ of garnishment and not a payment schedule. (*Id.* at Pg ID 15-17.) In the event the Court disagrees, the United States argues that Defendant still is not entitled to relief because he fails to demonstrate "material change in economic circumstances" to warrant a modification of the payments. (*Id.* at Pg ID 18.)

---

[3] The matter had been reassigned from Judge Cox to Judge Goldsmith on July 2, 2014.

In its response brief, the government acknowledges that 28 U.S.C. § 3013 grants a court the discretion to modify a writ of garnishment. (*Id.* at Pg ID 19.) Nevertheless, the government makes two arguments as to why relief should not be afforded to Defendant under this provision. First, the government contends that rather than "conform[ing] his personal expenses to the reduced amount of his disability benefit," Defendant "voluntarily incurred additional family responsibilities after pleading guilty to his most recent federal offense." (*Id.* at 19-20.) Second, the government argues that Defendant provides insufficient financial information to support his claim that the economic obligations of "his alleged wife and children are not able to be met with other resources." (*Id.* at 20.)

In addition to opposing Defendant's request for a reduction of the amount garnished from his disability insurance benefits, the United States asks the Court in its response brief to increase the amount garnished so the full amount of the benefits are applied to the restitution judgment. (*Id.* at 21.) Defendant makes this request pursuant to the All Writs Act, 28 U.S.C. § 1651, and cites *United States v. Cunningham*, 866 F. Supp. 2d 1050 (S.D. Iowa 2012) in support. (*Id.* at 20-21.)

## Applicable Law

Under the Mandatory Victims Restitution Act, a defendant convicted of a crime in federal court may be ordered to make restitution to any victims. 18 U.S.C. § 3663(a)(1)(A). Where the district court imposes restitution in the

judgment, the United States may enforce the judgment in the same manner as enforcing a civil judgment. 18 U.S.C. § 3613(a), (f). Section 3613 provides that "the provisions of section 303 of the Consumer Credit Protection Act ["CCPA"] (15 U.S.C. § 1673) shall apply to enforcement of the judgment under Federal law or State law." 18 U.S.C. § 3613(a)(3).

One of the enforcement provisions available, and the one used with respect to Defendant's disability benefit payments, is garnishment through the mechanisms set forth in the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3205(a). Section 3205(a) provides:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor.

28 U.S.C. § 3205(a). The CCPA, however, limits garnishment of earnings to twenty-five percent (25%) of the individual's earnings. 15 U.S.C. § 1673(a). "The majority of the case law . . . holds that 25 percent is a ceiling, not a floor, for the amount to be garnished and that courts have authority to impose an amount below 25 percent." *See United States v. Ogburn*, 499 F. Supp. 2d 28, 30 (D.D.C. 2007) (citing *United States v. Kaye*, 93 F. Supp. 2d 196, 199 (D. Conn. 2000); *United States v. Crowther*, 473 F. Supp. 2d 729, 731 (N.D. Tex. 2007)). Courts base this conclusion on 28 U.S.C. § 3013, which provides that "[t]he court may at any time

8

on its own initiative or the motion of any interested person . . . make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter [i.e., Chapter 176 of Title 28, in part pertinent to garnishments to collect judgments]." As Defendant's disability benefits are garnished pursuant to the FDCPA's enforcement procedures, this provision also grants this Court the discretion to modify the garnishment order. *See Ogburn*, 499 F. Supp. 2d 28, 30-31 (citing *United States v. George*, 144 F. Supp. 2d 161, 164-65 (E.D.N.Y. 2001)); *Kaye*, 93 F. Supp. 2d at 199.

Finding " 'no criteria for an order modifying enforcement . . . in § 3013,' " courts have applied " 'a concept of reasonableness to the exercise of § 3013 authority.' " *Ogburn*, 499 F. Supp. 2d at 30 (emphasis and brackets removed) (quoting *Kaye*, 93 F. Supp. 2d at 198). Courts look to the circumstances of the individual garnishee. *See id.*; *see also George*, 144 F. Supp. 2d at 164. In *Ogburn*, the district court temporarily suspended the garnishment of the defendant's wages due to the financial record of the defendant and her spouse, including the fact that the defendant's spouse recently had become unemployed. 499 F. Supp. 2d at 32. In comparison in *Kaye*, the court rejected the defendant's request to reduce the garnishment order because the court found that the defendant's net income, along with that of his spouse, was sufficient, even when reduced by a 25% garnishment,

9

"to meet a reasonable level of family and household expenses[.]" 93 F. Supp. 2d at 200.

In his pleadings, Defendant claims that the garnishment of twenty-five percent of his monthly disability benefits precludes him from providing for the day-to-day living expenses of his wife and two children. While Defendant initially failed to present proof that he married and sired two children after his release from prison and supervised release in this case, he has since submitted the certificate of his marriage to Malikah Todd and the birth certificates for their two sons, Diavonte (born April 2, 1998) and Dillon (born November 29, 2010). (ECF No. 9.) Defendant also submits a sworn affidavit in which he states that his wife is unemployed and the full-time caregiver for Dillon, who is autistic. (*Id.* at Pg ID 44.) He further indicates that his income is limited to his MetLife disability benefits while he is incarcerated on his most recent conviction.[4] In addition to the amount withheld from his disability benefits pursuant to the garnishment order, Defendant provides that an additional $397.15 is used to pay for medical insurance for his wife and children. (*Id.*) This leaves $1,430.44 remaining of Defendant's current monthly disability distribution of $2,436.79 for Defendant's use.

---

[4] Defendant has been awarded Social Security Disability Benefits; however, he asserts that those benefits are suspended while he is incarcerated. (ECF No. 9 at Pg ID 44.) The United States does not dispute this fact.

10

Defendant states in his affidavit that "[t]o the best of [his] knowledge and belief," his wife's monthly expenses total $3,000. (*Id.* at 44-45.) He indicates that this total is comprised of the following: $1,000.00 for rent, utilities, and maintenance; $400.00 for food; $200.00 for clothing; $500.00 for automobile expenses; $200.00 for miscellaneous expenses; and $700.00 for Dillon's special needs expenses which include school, therapy, and day care. (*Id.* at 45.) It is apparent that Defendant's income, even before it is reduced by the garnishment order, is inadequate to meet his family's financial needs.

As one district court has stated, "Defendant's dependents, who may have benefitted, indirectly, from his pilferage, do not share his culpability nor responsibility to make restitution. They are entitled to reasonable support." *Kaye*, 93 F. Supp. 2d at 199. The Court flatly rejects the government's contention that Defendant's request for a modification should be denied because rather than "conform[ing] his personal expenses to the reduced amount of his disability benefits," he "voluntarily incurred additional family responsibilities" by fathering two children and marrying the mother of his children. Even if the Court were to find Defendant blameworthy for such conduct- which, in fact, it does not- it declines to push his wife and children further into poverty or otherwise punish them as a result.

For these reasons, the Court is granting Defendant's request to modify the garnishment order and is suspending the order so long as Defendant remains incarcerated and continues to contribute to the living expenses of his wife and dependents. Because the Court finds that a reduction of the garnishment amount is appropriate based on Defendant's circumstances, it is denying Defendant's request to increase the amount of the garnishment pursuant to the All Writs Act.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 2, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury  
Case Manager